**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

MARIANNE JONES                    NO. 1:10-CV-1099

v.                                JUDGE CONNER

GIANT FOOD STORES, LLC            MAGISTRATE JUDGE METHVIN
GENERAL MAINTENANCE
   GROUP, INC.

**REPORT AND RECOMMENDATION**
**ON MOTIONS FOR SUMMARY JUDGMENT**
(Docs. 17, 20)

Plaintiff alleges she was injured in a slip-and-fall incident at the Giant Food

Store in Hanover, Pennsylvania on July 10, 2008. Named as defendants are Giant

Food Stores, LLC and Giant's floor-care contractor, General Maintenance Group,

Inc. This diversity action is brought pursuant to 28 U.S.C. § 1332 and asserts

negligence by the defendants.[1]

Before the court are two motions for summary judgment, one filed by each

defendant.[2] The motions have been referred to the undersigned for a report and

---

[1] Plaintiff is a citizen of Pennsylvania. (Doc. 1, ¶ 1). Giant is a Delaware corporation and GMS is a Virginia corporation. (Id. at ¶¶ 2,3).

[2] Defendant GMS filed its motion for summary judgment on April 15, 2011, along with a supporting brief and a statement of material facts (Docs. 17, 18, 19). Plaintiff filed a response to the motion, a brief in opposition and a statement of facts on May 20, 2011. (Docs. 25, 26, 27). Defendant Giant also filed its motion for summary judgment on April 15, 2011, along with a supporting brief and a statement of material facts. (Docs. 20, 21, 22). Plaintiff filed a response, a brief in opposition and a statement of facts to this motion on May 20, 2011. (Docs. 28, 29, 30). Defendant GMS filed its reply on May 27, 2011
(continued...)

recommendation, and are now ripe for disposition.[3] For the following reasons, it is recommended that the motions for summary judgment be granted.

## ISSUES PRESENTED

Defendants raise the following issues on summary judgment:

1.      Is defendant Giant entitled to summary judgment because plaintiff has failed to establish that it had either actual knowledge or constructive knowledge of any danger or defect in the floor?

2.      Has plaintiff established the negligence on the part of GMS?

## FINDINGS AND RECOMMENDATIONS

### I. Background

The facts are viewed in the light most favorable to plaintiff.[4] Plaintiff went to the Giant Food Store in Hanover, Pennsylvania on July 10, 2008 at approximately 4:00 a.m. to purchase doughnuts from the bakery. (Doc. 19, p. 1, ¶ 2; Doc. 27, p. 1, ¶ 2; Doc. 22, p. 1, ¶ 2; Doc. 30, p. 1, ¶ 2) When she entered the

---

[2](...continued)
(Doc. 31). Defendant Giant filed its reply on June 1, 2011. (Doc. 32).

[3] On July 11, 2011, Judge Conner referred the present motions to the undersigned. (Doc. 33).

[4] The factual background is extrapolated from the parties' statements of facts submitted with their briefs on the motions. For future reference, consistent with LR 56.1, papers opposing a motion for summary judgment shall respond to a statement of facts in support of such a motion by responding to the numbered paragraphs therein, as opposed to laying material facts out in narrative form, as has been done with plaintiff's statements of facts.

store, plaintiff noticed yellow tape in the front area of the store in the direction of the bakery. (Doc. 19, p. 2, ¶ 5; Doc. 27, p. 2, ¶ 2; Doc. 22, p. 1, ¶ 5; Doc. 30, p. 2 ¶ 2). Plaintiff proceeded down one aisle towards the back of the store. (Doc. 19, p. 2, ¶ 7; Doc. 27, p. 2, ¶ 2; Doc. 22, p. 2, ¶ 7; Doc. 30, p.2 ¶ 2). Plaintiff turned down another aisle, at which time she slipped and fell. (Doc. 19, p. 2, ¶ 9; Doc. 27, p. 2, ¶ 2; Doc. 22, p. 2, ¶ 8; Doc. 30, p. 2 ¶ 2). When she got up, plaintiff felt something sticky on her jeans, which she identified as wax. (Doc. 19, p. 2, ¶¶ 10, 11; Doc. 27, p. 2, ¶ 2; Doc. 22, p. 2, ¶¶ 9, 10; Doc. 30, p. 2 ¶ 2). She testified that she did not observe any substance on the floor. (Doc. 19, p. 2, ¶ 12). There were no witnesses to the alleged fall, and plaintiff left the store without reporting her fall to any store employee. (Doc. 19, p. 2, ¶ 13; Doc. 22, p. 2, ¶ 11). Plaintiff went to work, and on a break some four hours later, plaintiff notified Giant by telephone of her earlier fall. (Id.)  Plaintiff did not retain the pants she wore at the time of the fall.(Doc. 36, p. 2, ¶ 5).

On March 30, 2008, defendant Giant and GMS entered into a Floor Care Service Agreement. (Doc. 19, p. 3, ¶ 17; Doc. 22, p. 2, ¶ 15). The terms of the Agreement provided that GMS would provide a variety of floor care services, including scrubbing, re-buffing and coating the floors of the store. (Doc. 19, p. 3, ¶ 18; Doc. 22, p. 2, ¶ 16). The Agreement also provided that GMS would defend,

4

indemnify, and hold harmless Giant against any claims arising from GMS's
services pursuant to the Agreement. (Doc. 19, p. 3, ¶ 19; Doc. 22, p. 2, ¶ 17).
When servicing the floor, GMS would use yellow tape and cones to block off
areas of the store to prevent customers from entering those areas. (Doc. 19, p. 43 ¶
25; Doc. 22, p. 2, ¶ 22). The cones and tape would be removed only after GMS
had finished working and the wax was dry. (Doc. 19, p. 4, ¶ 27; Doc. 22, p. 2, ¶
25). An employee of GMS testified that he and a coworker were recoating aisles
10, 11, 12, 13 and 14 on the morning of July 10, 2008. (Doc. 17, Ex. 6, p.4
(deposition p.10); Doc. 20, Ex. 2, p. 43 (deposition p.10); Doc. 27, Ex. 5, p. 2
(deposition p.10); Doc. 30, Ex. 5, p.2 (deposition p.10)).

While performing its floor-care duties, it was the responsibility of GMS to
ensure that Giant customers were safe. (Doc. 19, p. 4, ¶ 29; Doc. 22, p. 3, ¶ 26).
However, the Giant night manager would perform a check of the store every 1-2
hours to check for hazards on the floor. (Doc. 19, p. 4, ¶ 31; Doc. 22, p. 3, ¶ 28).

## II. Standard of Review

Under Federal Rule of Civil Procedure 56(a), a court "shall grant summary
judgment if the movant shows that there is no genuine dispute as to any material
fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P.
56(a).  "[T]his standard provides that the mere existence of *some* alleged factual

5

dispute between the parties will not defeat an otherwise properly supported motion

for summary judgment; the requirement is that there be no *genuine* issue of

*material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

A disputed fact is "material" if proof of its existence or nonexistence would

affect the outcome of the case under applicable substantive law. *Anderson*, 477

U.S. at 248; *Gray v. York Newspapers, Inc.*, 957 F.2d 1070, 1078 (3d Cir. 1992).

An issue of material fact is "genuine" if the evidence is such that a reasonable jury

could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 257;

*Brenner v. Local 514, United Bhd. of Carpenters & Joiners of Am.*, 927 F.2d 1283,

1287–88 (3d Cir. 1991).

When determining whether there is a genuine dispute of material fact, the

court must view the facts and all reasonable inferences in favor of the nonmoving

party. *Moore v. Tartler*, 986 F.2d 682 (3d Cir. 1993); *Clement v. Consol. Rail

Corp.*, 963 F.2d 599, 600 (3d Cir. 1992); *White v. Westinghouse Elec. Co.*, 862

F.2d 56, 59 (3d Cir. 1988). In order to avoid or obtain summary judgment,

however, parties may not rely on unsubstantiated allegations. Parties seeking to

establish that a fact is or is not genuinely disputed must support such an assertion

by "citing to particular parts of materials in the record," by showing that an

adverse party's factual assertion lacks support from cited materials, or

6

demonstrating that a factual assertion is unsupportable by admissible evidence.

Fed. R. Civ. P. 56(c)(1); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)

(requiring evidentiary support for factual assertions made in response to summary

judgment). The party opposing the motion "must do more than simply show that

there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus.*

*Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). Parties must produce evidence to

show the existence of every element essential to its case that they bear the burden

of proving at trial, for "a complete failure of proof concerning an essential element

of the nonmoving party's case necessarily renders all other facts immaterial."

*Celotex*, 477 U.S. at 323; *see Harter v. G.A.F. Corp.*, 967 F.2d 846, 851 (3d Cir.

1992). Failure to properly support or contest an assertion of fact may result in the

fact being considered undisputed for the purpose of the motion, although a court

may also give parties an opportunity to properly provide support or opposition.

Fed. R. Civ. P. 56(e).

**III. Discussion**

"[A] federal court must apply the substantive laws of its forum state in

diversity actions," such as this one. *Lafferty v. St. Riel*, 495 F.3d 72, 76 (3d Cir.

2007). Therefore, Pennsylvania law applies to this dispute. Under Pennsylvania

law, "[t]he mere occurrence of an accident does not establish negligent conduct.

*Martin v. Evans*, 551 Pa. 496, 711 A.2d 458, 502 (Pa.1998). Rather, "[i]n any case sounding in negligence, a plaintiff must demonstrate: (1) a duty of care; (2) the breach of the duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss or damage resulting to the plaintiff." *Farabaugh v. Pa. Turnpike Com'n*, 590 Pa. 46, 911 A.2d 1264, 1272-73 (Pa.2006).

"It is well-settled that the duty of a possessor of land toward a third party entering the land depends upon whether the entrant is a trespasser, licensee, or invitee." *Cresswell v. End*, 831 A.2d 673, 675 (Pa. Super. 2003). An "invitee" includes "a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land." *Id.* at 675-76 (*quoting* Restatement (Second) of Torts § 332 (1965)).

In the instant matter, there is no dispute that plaintiff was an invitee. Pennsylvania courts have adopted the Second Restatement of Torts to determine the duty owed by a possessor of land to a person on that land. *See Kirschbaum v. WRGSB Assocs.*, 243 F.3d 145, 152 (3d Cir.2001) (*citing Carrender v. Fitterer*, 503 Pa. 178, 184-185 (1983)); *Farabaugh v. Pa. Tpk. Comm'n*, 590 Pa. 46, 911 A.2d 1264, 1272 (Pa.2006). A possessor of land owes the following duty to a business invitee:

8

§ 343. <u>Dangerous Conditions Known To Or Discoverable By Possessor</u>

> A possessor of land is subject to liability for physical
> harm caused to his invitees by a condition on the land if,
> but only if, he:
>
> (a) knows or by the exercise of reasonable care would discover
> the condition and should realize that it involves an
> unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the
> danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the
> danger.

RESTATEMENT (SECOND) OF TORTS § 343 (adopted by the Pennsylvania Supreme

Court in *Carrender v. Fitterer*, 503 Pa. 178, 469 A.2d 120, 123 (1983)). Thus, a

landowner has a duty to protect an invitee not only against known dangers, but

also against those which might be discovered with reasonable care. *Gutteridge v.

A.P. Green Services, Inc.*, 804 A.2d 643, 656 (Pa. Super. 2002).

   "Furthermore, it has long been the law in Pennsylvania in 'fall-down' cases

that the pedestrian has the burden of proving the existence of a defective condition

and the knowledge, actual or constructive, of the real estate possessor of the

condition prior to the accident." *Kardibin v. Associated Hardware*, 426 A.2d 649,

652 (Pa. Super. 1981). "[T]he mere existence of a harmful condition in a public

place of business, or the mere happening of an accident due to such a condition is

neither, in and of itself, evidence of a breach of the proprietor's duty of care to his invitees, nor raises a presumption of negligence." *Moultrey v. Great A & P Tea Co.*, 422 A.2d 593 (Pa. Super. 1980).

Plaintiff testified in her deposition that the substance she slipped in, and which she found on her pants, was wax. (Doc. 19, p. 2, ¶¶ 10, 11; Doc. 27, p. 2, ¶ 2; Doc. 22, p. 2, ¶¶ 9, 10; Doc. 30, p. 2 ¶ 2). However, in her statement of material facts in response to defendants' summary judgment motions, she alleges that the substance may have been a mixture of wax and water. (Doc. 27, p. 1, ¶ 1; Doc. 30, p. 4, ¶ 1). Such a mixture would create a gelatinous substance which, she surmises, could come to be on the floor if there were spillage from an open, wheeled bucket containing water, floor stripper and wax. (Id.)

Not only is plaintiff unsure whether the substance was wax, or water, or a combination of the two, she has proffered no evidence as to how long such a substance may have been on the floor.

Pennsylvania law is clear that a trip-and-fall case may not go to a jury where the plaintiff's evidence requires the jury to speculate as to which of multiple possible causes resulted in the plaintiff's injury. *See, e.g., Houston v. Republican Athletic Ass'n*, 22 A.2d 715, 716 (Pa.1941) ("Where a defendant is liable for only one or two or more equally probable causes and to say which is a mere guess,

there can be no recovery."); *Cuthbert v. City of Philadelphia*, 209 A.2d 261, 263-64 (Pa.1965) ("[I]t is not necessary that plaintiff prove with mathematical exactness that the accident could only have been caused in one manner to the exclusion of all other possibilities, but he must eliminate those other causes, if any, as were fairly suggested by the evidence. And it is the duty of the trial court to determine whether or not this requirement has been met in the first instance before the issue can be submitted to the jury."); *DuBois v. City of Wilkes-Barre*, 189 A.2d 166, 167 (Pa.1963) ("In order to establish liability in an action of this nature, it is necessary for the plaintiff to prove what actually caused the accident, not what might possibly have caused it. The jury cannot be allowed to guess that the fall resulted from the existence of a foreign substance on the sidewalk."); *Hopkins v. E.I. Dupont de Nemours & Co.*, 212 F .3d 623, 626 (3d Cir.1954) ("Where plaintiff thus leaves the jury to guess as between suggested causes, there can be no recovery.").

Moreover, Pennsylvania courts have consistently rejected trip-and-fall claims where the plaintiff could not identify a cause of her injuries or merely identified possible causes. *See, e.g., Freund v. Hyman*, 103 A.2d 658, 659 (Pa.1954) (upholding nonsuit where plaintiff knew where she fell and photograph showed raised piece of sidewalk in that area, but where there was no evidence that

plaintiff raised step actually caused fall); *Dimino v. Wal-Mart Stores, Inc.*, 83 Pa.

D & C 4th 169, 172-73 (Pa. C.C.P. 2007) (granting summary judgment for

defendant where plaintiff testify she did not know what caused her slip-and-fall

but relied on the fact that an oily substance was on her shoe afterwards);

*Gallagher v. Dalsania*, 82 D & C 4th 118, 126-27 (Pa. C.C.P. 2006) (upholding

nonsuit where plaintiff identified several possible causes of trip-and-fall and

speculated as to actual cause); *Miller v. Twin Arches Ltd.*, 74 D & C 4th 449,

453-59 (Pa. C.C.P. 2005) (granting summary judgment to defendant where

plaintiff could identified two possible causes of slip-and-fall but did not present

any evidence as to which, if either, was actual cause); *McNeil v. Ginsburg*, 28 D &

C 4th 531, 534 (Pa. C.C.P. 1996) *aff'd*, 683 A.2d 319 (Pa. Super. 1996) (upholding

summary judgment for defendant where plaintiff was unaware of actual cause of

slip-and-fall and circumstances indicated numerous possible causes); *Flocco v.

City of Philadelphia*, 29 Phila. Co. Rptr. 1, 6-8 (Pa.C.C.P.1994) (granting

summary judgment for defendant where plaintiff showed that accident site was

strewn with rocks and debris but presented no evidence that these conditions

actually caused plaintiff to fall).

12

*(A) Giant's Motion*

Giant's motion contends that plaintiff has produced no evidence establishing either its actual knowledge that there was a slippery substance in the area where Plaintiff fell or its constructive knowledge of such a condition based on it presence for a period long enough to have been noticed. Thus, it argues that it cannot be liable for her injuries because she has failed to show that Giant knew of or reasonably should have known of the alleged dangerous condition.[5] Giant further contends that its night manager performed regular inspections of the floors for potential hazards. No hazards were discovered on or around the time of plaintiff's slip and fall.

Plaintiff's sole argument against Giant's motion is that there exists a genuine issue of material fact as to whether it had constructive notice of the alleged dangerous condition given the regular inspections of the floor performed by Giant's night manager. Giant correctly observes that evidence is lacking as to what substance was on the floor, how such a substance came to be on the floor, how long the substance was on the floor and whether the substance was on the

---

[5] It is noted that there was an Agreement between Giant and GMS, which provided that GMS was to have exclusive control over the area while it was working on the floors and further provided GMS would defend and indemnify Giant from any liability related to the floor cleaning services.

floor long enough so that it should have been discovered by regular inspections.
*See, e.g., Saldana v. Kmart Corp.,* 260 F.3d 228, 232–35 (3d Cir.2001) (affirming district court's grant of summary judgment because plaintiff failed to produce any evidence as to how long the substance upon which she slipped and fell had been on the floor); *Tameru v. W–Franklin, L.P.*, No. CIV.A.07–1965, 2008 WL 4272637, at *4 (E.D. Pa. Sep.11, 2008) ("[A]bsent notice of a dangerous or defective condition, a land owner cannot be liable to an invitee injured by such a condition."). Given this lack of evidence, coupled with the Agreement between the defendants wherein GMS agrees to indemnify Giant for any claims arising out of its floor servicing, plaintiff is unable to establish liability on the part of Giant. Accordingly, it is recommended that Giant's motion for summary judgment (Doc. 20) be granted.

*(B) GMS's Motion*

GMS seeks summary judgment in its favor because plaintiff has not identified the cause of her fall. Rather, it argues that in order for plaintiff to prevail, a jury would have to speculate, as plaintiff has, as to whether GMS left wax on the floor or if it spilled a combination of wax and water to form a gelatinous substance in the area where plaintiff slipped, or if there was some other unidentified cause to her fall. Asserting that a jury would have to infer that the

14

slipperiness of the floor was caused by the negligence of GMS and that the substance on the floor was present there long enough to have been observed by one of the defendants, GMS contends that such a finding could only be, improperly, based on conjecture. The undersigned agrees. Plaintiff's speculative assertions as to what caused her to slip and fall is insufficient to defeat summary judgment. *See Wasielewski v. Sands Hotel & Casino*, No. 04-2667, 2005 WL 1088952, at *5 (D.N.J. May 10, 2005) (granting summary judgment in favor of defendant when the plaintiff "only provided ... self-serving testimony that [the plaintiff] fell and mere speculation as to what caused [the] fall[.]").

Plaintiff has failed to introduce evidence that affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the GMS was a cause in fact of the her injuries. Accordingly, it is recommended that GMS's motion for summary judgment (Doc. 17) be granted.

## IV. Recommendation

Based on the foregoing analysis, it is respectfully recommended that the motions for summary judgment (Docs. 17, 20) be granted.

Signed on October 13, 2011.

_____
MILDRED E. METHVIN
U. S. MAGISTRATE JUDGE